**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-60575
Summary Calendar

NDI SAMUEL JAM

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 739 980

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ndi Samuel Jam, a native and citizen of Cameroon, petitions this court to review the decision of the Board of Immigration Appeals (BIA) affirming the denial by the Immigration Judge (IJ) of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Jam is a pastor and member of the Cameroon National Baptist Convention (CNBC), an organization that withdrew from another Baptist organization, the Cameroon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Baptist Convention (CBC). Jam argues that the IJ erred by denying his claim for asylum because substantial evidence establishes that the CBC, with the assistance or acquiescence of the Cameroonian authorities, persecuted him, his family, and other CNBC leaders based on religious affiliation and race. In light of this past persecution, argues Jam, he has established a well-founded fear that he will experience similar or worse persecution in the future if he returned to Cameroon. He also argues that the IJ erred by denying his claim for withholding of removal because his testimony and the documentary evidence he submitted established a "clear probability" that he would be persecuted if he returned to Cameroon.

We review the IJ's decision when, as in this case, the BIA affirms the IJ's decision without a written opinion. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). We conclude that the IJ's decision is supported by substantial evidence, and the evidence in the record does not compel a contrary conclusion. *See Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). The evidence does not establish that Jam and his family were threatened or harmed because of religion or race. Rather, the evidence establishes that the conflict between the CBC and the CNBC involves a dispute over the ownership of certain church buildings and structures. Because Jam failed to make the requisite showing for asylum, he cannot meet the more stringent standard for proving eligibility for withholding of removal. *See Faddoul v. INS*, 37 F.3d 185, 190 n.7 (5th Cir. 1994).

Jam also challenges the denial of his claim for relief under the CAT, arguing that his testimony established that he narrowly escaped physical harm by the CBC and that country reports detailing human rights abuse in Cameroon support an inference that his fear of torture if returned to Cameroon is genuine. Jam contends that the "severe pain and suffering" he previously endured in Cameroon supports his fear that he will again endure such harm. However, the record does not reflect that it is more likely than not that Jam faces a specific

risk of harm if he returns to Cameroon, much less an "extreme form of cruel and inhuman treatment" required to obtain relief under the CAT. 8 C.F.R. § 208.18(a)(2); *see Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002).

Jam also argues that the BIA erred by summarily affirming the ruling of the IJ. This procedure is sanctioned in cases such as Jam's. *See* 8 C.F.R. § 1003.1(e). A single BIA member may affirm an IJ's decision without opinion if the IJ's decision was correct; any errors by the IJ "were harmless or nonmaterial; and (A) the issue on appeal is squarely controlled by existing Board or federal precedent and does not involve the application of precedent to a novel factual situation; or (B) the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted." *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 662 (5th Cir. 2003); § 1003.1(e)(4)(i). As Jam has not shown that the IJ's ruling was not supported by substantial evidence in the record or otherwise erroneous, his challenge to the BIA's decision to summarily affirm the IJ's ruling is unavailing. *See Garcia-Melendez*, 351 F.3d at 662-63.

Accordingly, the petition for review is DENIED.